UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADFORD DARRELL SMITH, | No. 2:15-cv-0279-EFB P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a county prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. Here, petitioner challenges the El Dorado County Superior Court's order to extradite him to Arizona. ECF Nos. 1, 6. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. As explained below, this action must be

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

1  dismissed because petitioner has failed to exhaust available state remedies with respect to the
2  claims presented in his petition.[2]

3        A district court may not grant a petition for a writ of habeas corpus unless "the applicant
4  has exhausted the remedies available in the courts of the State," or unless there is no State
5  corrective process or "circumstances exist that render such process ineffective to protect the rights
6  of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by
7  presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v.*
8  *Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). For a
9  California prisoner to exhaust, he must present his claims to the California Supreme Court on
10 appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See*
11 *Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure);
12 *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on
13 appeal to California Supreme Court in a petition for review). Unless the respondent specifically
14 consents to the court entertaining unexhausted claims, a petition containing such claims must be
15 dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

16       Here, petitioner states that he did not directly appeal the order of extradition but did file
17 petitions for writs of habeas corpus in the state superior court and court of appeals. ECF No. 6 at
18 3. He concedes that he did not challenge the extradition proceedings in the state supreme court,
19 due to his mistaken belief that "the Court of Appeals . . . is the highest court required." *Id.* at 6.
20 As set forth above, however, petitioner must first present his claims to the California Supreme
21 Court before proceeding to federal court. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir.
22 2002). Because petitioner has not done so, and because he does not claim to have obtained from
23 the respondent an express waiver of the exhaustion requirement, this action must be summarily
24 dismissed.
25 /////
26 /////

27
28     [2] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

Accordingly, it is ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.
2. The Clerk of the Court is directed to serve a copy of this order, together with a copy of the February 11, 2015 petition, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.
3. The Clerk of the Court is directed to terminate all outstanding motions and close the case.
4. The court declines to issue a certificate of appealability.

DATED: March 11, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE